Btjllaed, J.
delivered the opinion of the court.
The plaintiff presented his petition to the court of probates alleging himself to be a creditor of the succession of R. Russell, deceased; that Maria Russell, the executrix, has rendered an account which was opposed and the oppositions are 'still pending; that a part of his claim was acknowledged by the executrix. He further alleges that she is on the eve of leaving the State for a term which will exceed that of her administration; that under such circumstances it is proper a dative executor be appointed to settle and liquidate the estate. In consideration of the premises the plaintiff alleges that he is entitled to have the executrix arrested and held to bail for such amount and in the manner contemplated by law to secure to him the payment of such sum as may accrue to him on a general distribution of the funds of the estate. He accordingly prays that she may be cited and held to bail, and that a dative executor -be appointed, and for general relief. The petitioner swears to the allegations in the petition and to the amount of Ms debt, and that he verily believes that the executrix is about to remove from the State without leaving in it sufficient property to satisfy his demand, and that the affidavit is not made with the intention to vex Maria Russell, but to secure his demand. Therefore an order of arrest was given.
The defendant took a rule on the plaintiff to show cause why the order of *326 arrest should not ho set aside, on the ground that neither the facts alleged in the petition nor those sworn to, if true, could authorize the arrest, and that it was illegal. From the judgment discharging this rule the defendant prosecutes the present appeal.
It is clear that article 211 of the Oode of Practice, forbids the arrest of [540] women, whether married or single, in civil suits when such arrest is resorted to by a creditor, as the means given by law to secure the person of the debtor while the suit is pending or to compel him to give security for his appearance after judgment. See arts. 210 and 211. That there may be cases, in which a woman acting an autra droit as tutrix, euratrix and perhaps executrix, may he arrested and compelled to give security may he admitted. But does the defendant in this case come under any such category ? The affidavit is such as the Oode of Practice requires in ordinary actions of debt, and the plaintiff' expressly claims the right to have the defendant arrested in order to secure to him the payment of such sum as may he found due to him by the estate. He further asks, it is true, for the appointment of a dative executor to complete the liquidation of the estate, hut the primary object of the arrest appears to have been to secure the debt, the executrix having already rendered an account which in consequence of oppositions had not been homologated.
Courts of probate have the power to issue orders of arrest in cases in which it is necessary and propel-. Oode of Practice, 1037. But the law must determine the class of cases in which it shall be proper to resort to such a method of coercion. The judge gives as a reason for maintaining the arrest, that in cases analogous to the present courts of probate have the right to compel a tutor or curator of a vacant estate to give security not to depart without rendering his account and paying the balance due, if any; and he cites arts. 351 and 1144 of the La. Oode.
It appears to us the plaintiff has not brought himself within the rule established by the above recited articles of the Oode, even admitting that executors are subject to the same compulsory measures with tutors and curators of vacant estates. In the present case an account had already been rendered and the object of the suit was not to compel her to pay the balance of her general [541] account, hut to secure to the plaintiff his share of it as a creditor of the estate. A party prosecuting so severe a' remedy must bring himself strictly within the law.
The judgment of the court of probates is therefore reversed, and ours is. that the order of arrest he set aside and that the appellee pay the costs of both courts.